Hearing Date:  April 26, 2023
                                                Hearing Time:  9:30 a.m.
                                                Hearing Place:  Courtroom #1, Philadelphia, PA

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 11 |
| | : | |
| INSECTARIUM AND | : | BANKR. NO. 23-10675-pmm |
| BUTTERFLY PAVILION, INC., | : | |
| | : | |
| Debtor. | : | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**

       The United States trustee for Region 3, in furtherance of the administrative responsibilities imposed pursuant to 28 U.S.C. Section 586(a), by and through his undersigned counsel, moves this Court pursuant to 11 U.S.C. §§ 105(a) and 1112(b), for the entry of an order dismissing this case.   In support of his Motion, the U. S. trustee represents as follows:

       1.       Insectarium and Butterfly Pavilion, Inc. ("the Debtor") commenced this case on March 8, 2023, by filing a bare bones voluntary petition under chapter 11 of the United States Bankruptcy Code, together with a Statement of Corporate Ownership and a Matrix List of Creditors.   Dkt. No. 1, 1-1, and 1-2.   The Debtor has filed none of the other documents to date, including a corporate resolution authorizing the filing of the Petition.

       2.       The Debtor is identified on the Petition as a corporation, employer identification number 81-3431332.   Dkt. No. 1, pp. 1 and 2.

       3.       The Petition is signed by Robert M. Cambridge ("R. M. Cambridge"), who is identified as the Secretary and Director of the Debtor.  *Id*. at p. 4.

       4.       R. M. Cambridge also signed the Petition as counsel for the Debtor and lists the

1

address of his law office in Arlington, Virginia as the Debtor's mailing address.  *Id*. at pp. 1 and 5.  Upon information and belief, R. M. Cambridge intends to continue to represent the Debtor in this case, although no application for the approval of employment of counsel has been filed.

5.  R. M. Cambridge and his spouse are also identified as creditors of the Debtor. Dkt. No. 1-2.

6.  Upon information and belief, the Petition was filed on the same date a judgment against the Debtor in the amount of $928,000 in a foreclosure proceeding in the Court of Common Pleas, Philadelphia County.  The dispute underlying the foreclosure case dates back to 1989 and included the acquisition of the property where the Debtor operates by R. M. Cambridge's son, John Cambridge ("J. Cambridge") by quit claim deed in 2016.  J. Cambridge is the CEO of the Debtor, and he and/or his father is/are in control of the Debtor.  R. M. Cambridge also represented the Debtor in the foreclosure proceeding.

7.  Upon information and belief, J. Cambridge testified at the foreclosure trial that R. M. Cambridge "encumbered the [Debtor's] property … with at least three additional mortgages" and together with his spouse "sued the insectarium and obtained a judgment" for over $2 million. He also testified that while his parents "gave [the Debtor] large sums of money," none of it was used to pay the mortgage debt.

8.  A corporation cannot appear personally on its own behalf before this Court and must, therefore, be represented by counsel.  *United States v. Cocivera*, 104 F.3d 566, (3d Cir. 1996).  *See also, In re Liberty Trust Co.*, 130 B.R. 467, 468 (W.D. Tex. 1991) (citing *Southwest Express Co., v. Interstate Commerce Commission*, 670 F.2d 53 (5th Cir. 1982).  *See also, First Amendment Foundation v. Village of Brookfield*, 575 F. Supp. 1207 (N.D. Ill. 1983) (a

corporation must be represented in court by attorneys admitted to practice and may not appear through an officer or other lay representative).

9.      Pursuant to section 327 of the Bankruptcy Code a chapter 11 debtor, with the court's approval, may employ an attorney to represent it "that do[es] not hold or represent an interest adverse to the estate, and that [is] a disinterested person."  11 U.S.C. § 327(a).  A "disinterested person" is defined as:

> a person that—
>
> (A) is not a creditor, an equity security holder, or an insider;
>
> (B) is not and was not, within two years of the date of the filing of the petition, a director, officer, or employee of the debtor; and
>
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

11 U.S.C. § 101(14).

10.     An "insider" includes, "if the debtor is a corporation—

> (i) director of the debtor;
>
> (ii) officer of the debtor;
>
> (iii) person in control of the debtor;
>
>          *   *   *
>
> (vi) relative of a … director, officer, or person in control of the debtor.

11 U.S.C. § 101(31)(B).

11.     R. M. Cambridge is not a disinterested person as he is both a creditor and an insider, and therefore cannot represent the Debtor in this case.  He also holds an interest adverse

3

to the estate which also disqualifies him from representing the Debtor. And, without qualified counsel to represent it, the Debtor cannot proceed with the prosecution of this case.

12. Pursuant to 11 U.S.C. § 1112(b) the court shall dismiss a case for cause unless the court finds and specifically identifies unusual circumstances, none of which appear to apply in this case.[1] The U. S. trustee avers that the absence of qualified counsel to represent the Debtor constitutes cause for the dismissal of this case.

For the reasons set forth above, among others, the United States trustee respectfully requests that the Court conduct a hearing on the above referenced issues and dismiss this case. The U. S. trustee specifically reserves the right to supplement his motion at or prior to the hearing thereon.

DATED this _14th_ day of March, 2023.

ANDREW R. VARA
United States trustee, Regions 3 and 9

By:    _/s/ Dave P. Adams_
Dave P. Adams
Robert N.C. Nix, Sr. Federal Building
900 Market Street, Suite 320
Philadelphia, Pennsylvania   19107
(215) 597-4411
(215) 597-5795 (fax)
dave.p.adams@usdoj.gov

---

[1] The court may not convert this case to chapter 7 absent the Debtor's consent as the Debtor is a non-profit entity.